...

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID H. MCCLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE COUNTY OF LOS ANGELES CALIFORNIA, <u>et al.</u>,<br><br>    Defendants. | Case No. CV 20-9268-CAS (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## **PROCEEDINGS**

On October 8, 2020, David H. McClure ("Plaintiff"), proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint in which he appears to allege various federal constitutional and state law claims, including civil rights claims under 42 U.S.C. § 1983.

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following:

On October 4, 2019, Plaintiff was arrested by Los Angeles County Sheriff's Department ("LASD") deputies in connection with a traffic warrant. At that time, Plaintiff

was suffering from an eye injury that he had sustained at work a week earlier. (Complaint at 3.)

During the arrest and booking process, Plaintiff "was visibly disabled and wore an eye patch." He requested access to his prescribed eye medication, which he needed to apply every three to four hours. Plaintiff advised deputies that his eye would be harmed if he were not permitted to use his prescribed medication. Deputies refused to provide Plaintiff with the requested medication. Plaintiff "was antagonized and subjected to physical pain by employees who made unwarranted comments and roughly manipulated his eye patch." (Id. at 2-3.)

Later that morning, Plaintiff was sent to the Los Angeles County Medical Center ("LCMC") due to his eye condition. LCMC personnel did not provide Plaintiff with his eye medication. (Id. at 3.)

On October 7, 2017, Plaintiff was returned to LCMC "for a right orbitotomy, an exploratory surgery and removal of foreign body." LCMC personnel did not place the order for his eye medication until October 9, 2019, eight days after he was taken into custody. Plaintiff was finally allowed to self-administer his medication on October 23, 2019. (Id. at 3-4.)

On November 12, 2019, Plaintiff underwent a right scleral buckle procedure. The physician ordered that Plaintiff should be placed in a face down position and given frequent opthalmic steroids after the procedure. When Plaintiff was returned to the Los Angeles County Jail, he was not provided with the prescribed care. He was transferred to court for an appearance on November 22, 2019, which involved lengthy travel and required Plaintiff to remain upright. As a result, he suffered extreme pain for hours during transport and while waiting for his hearing. Ultimately, these actions caused irreversible damage to Plaintiff's eye and resulted in his blindness. (Id. at 4.)

"Defendants Sheriff Alex Villanueva, other unnamed supervisors, medical staff members and employees, acting under the color of their authority as supervisor officers, deputies, physicians, nurses, and staff" knew or should have known that there was a "history and propensity and pattern" at the Los Angeles County Jails of failing to provide inmates with proper medical treatment. The failure to investigate or correct these acts or failures caused the violations of Plaintiff's constitutional rights. (Id. at 5.)

Specifically, Defendants committed the following wrongful acts: failed to provide access to and delivery of medical care and treatment for inmates with known medical conditions; failed to provide adequate and reasonable monitoring of inmates at Los Angeles County Jails that have obvious and demonstrable medical conditions; failed to supervise their subordinates to ensure that personnel were implementing and complying with policies and procedures to ensure the medical safety of inmates. (Id. at 6.)

"This claim includes but is not limited to violations of state and federal law, state and federal constitutional and civil rights violations. Claimant[']s potential federal causes of action include, but are not limited to, claims under 42 U.S.C. §§ 1983 and 1985 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. (Id.)

Plaintiff seeks monetary damages. (Id. at 7.)

## DISCUSSION

### I. PLEADING STANDARDS

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual

3

allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at

633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION

The caption of the Complaint lists "The County of Los Angeles California Claim Against the Los Angeles Sheriffs Dept" as the defendant in this action. (Complaint at 1.) Thus, the identities of the intended defendants are not clear. Sheriff Alex Villanueva and other County officers and personnel, who are mentioned as defendants in the body of the Complaint, have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he **must include in the caption the names of each defendant against whom he is asserting a claim**. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). Thus, Plaintiff must list all defendants in the caption on page 1 of the amended complaint. The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption. Plaintiff also

1 | must list all defendants in the appropriate section of the amended complaint where Plaintiff
2 | is asked to identify the defendants.

### III. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff asserts that his "claim includes but is not limited to violations of state and federal law, state and federal constitutional and civil rights violations." (Complaint at 6.) He then lists a variety of "potential" federal and state causes of action, but states that "[t]his list is intended to be illustrative, not exhaustive. The actual causes of action that will be asserted will be determined by the facts for which notice has been given and which may be pled in the complaint filed in any action." (Id. at 7.) Thus, it is not clear what legal claims Plaintiff is attempting to assert, nor is it clear how the factual allegations set forth throughout the Complaint relate to those claims. Plaintiff's failure to plainly and succinctly provide defendants with fair notice of the bases for his claims violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

Plaintiff's Complaint should be dismissed with leave to amend for failure to comply with Rule 8.

## IV. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Again, Plaintiff does not clearly assert his legal claims, although he provides a long list of "potential" claims. This is insufficient. Plaintiff must set forth each of his claims – including the supporting facts for each claim – as separate counts and explain the factual basis for each count, so as to allow the Court and defendants to understand the scope and nature of Plaintiff's allegations.

Accordingly, the Complaint is subject to dismissal pursuant to Rule 10. If Plaintiff wishes to file an amended complaint, he must set forth each claim as a separately and distinctly numbered claim. Any claim that is not clearly numbered or separated from all

other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief.

## V. CLAIMS AGAINST THE COUNTY OR AGAINST INDIVIDUALS IN THEIR OFFICIAL CAPACITIES

As set forth above, Plaintiff has not properly identified the defendants in this action. However, it does appear that he is attempting to sue the County of Los Angeles, as well as Sheriff Villanueva and other County personnel in their official capacities.

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 159. Thus, claims against individual defendants in their official capacities are tantamount to claims against the County.

A local governmental entity, such as the County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" <u>Anderson v. Warner</u>, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link'

between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee. City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

Thus, in order to assert a claim against the County and/or individual defendants in their official capacities, Plaintiff must identify policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which County officials allegedly inflicted the injuries about which Plaintiff is complaining.

If Plaintiff chooses to file an amended complaint, he should not sue the County or any individual defendants in their official capacities unless he can allege specific facts demonstrating that the County has a policy, regulation, custom, or practice by which the injuries to Plaintiff were inflicted.

## VI. CLAIMS AGAINST INDIVIDUAL DEFENDANTS BASED ON THEIR SUPERVISORY POSITIONS

Although it is not clear, it appears that Plaintiff is attempting to sue Sheriff Villanueva and other supervisory officials in their individual capacities.

In a Section 1983 action, a supervisory official cannot be held liable under a theory of respondeat superior or vicarious liability. See, e.g., Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. See id. at 677 (rejecting this theory of supervisory liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010); MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995). Liability also can be established if the supervisor set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Johnson, 588 F.2d at 743-44. However, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey, 673 F.2d at 268. Thus, a high ranking administrator such as the Sheriff cannot be held liable under Section 1983, absent a showing that he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the Sheriff's wrongful conduct and the constitutional violation. See Redman v. Warden of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

As to Sheriff Villanueva, Plaintiff alleges no facts demonstrating that he had personal encounters with the Sheriff at any time during his confinement at the Jail. Plaintiff alleges no facts demonstrating that the Sheriff was personally involved in or individually caused the alleged constitutional deprivations. Thus, to the extent that Plaintiff is attempting to do so, he fails to state a civil rights claim against the Sheriff in his individual capacity. The same principles would apply to other unidentified supervisory officials.

Thus, Plaintiff is cautioned that he must allege facts that demonstrate each individual-capacity defendant's liability under the standards set forth above. To the extent that Plaintiff does not yet know the identities of such individuals, he may identify them as doe defendants in his amended complaint.

**VII.  DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

It appears that Plaintiff is attempting to assert a claim for deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment. The Court has already found that the Complaint must be dismissed with leave to amend. If Plaintiff chooses to file an amended complaint and assert deliberate indifference claims, his claims are governed by the following standards:

It appears that Plaintiff was a pretrial detainee, as opposed to a convicted prisoner, at the time of the events relevant to this claim. Thus, his Section 1983 claims arise under the Due Process Clause of the Fourteenth Amendment. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir. 1986). The test for establishing deliberate indifference under the Fourteenth Amendment is "purely objective," and there is no subjective component. Castro, 833 F.3d at 1071; see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015).

The elements of a pretrial detainee's Fourteenth Amendment claim for deliberate indifference against an individual deputy are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily "turn[ ] on the 'facts and circumstances of each particular case.'" Kingsley, 135 S. Ct. at 2473 (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)); see also Restatement (Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) (recognizing that "reckless disregard" may be shown by an objective standard under which an individual "is held to the realization of the aggravated risk which a reasonable [person] in his place would have, although he does not himself have it").

Castro, 833 F.3d at 1071; see also Darnell v. Pineiro, 849 F.3d 17, 35-36 (2d Cir. 2017) (concluding that "Kingsley's broad reasoning extends beyond the excessive force context in which it arose" and announcing "we join the . . . Ninth Circuit, which, . . . likewise interpreted Kingsley as standing for the proposition that deliberate indifference for due process purposes should be measured by an objective standard"). Under this test, "a pretrial detainee who asserts a due process claim" must "prove more than negligence but less than subjective intent – something akin to reckless disregard." Castro, 833 F.3d at 1071.

Constitutional deprivations that are the result of mere negligence or accident are not actionable. Kingsley, 135 S. Ct. at 2472; see also Daniels v. Williams, 474 U.S. 327, 331-32 (1986) (negligence does not translate to a due process violation even if it causes injury).

\* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

///
///
///
///
///

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: November 9, 2020              /s/ John E. McDermott
                                      JOHN E. MCDERMOTT
                                      UNITED STATES MAGISTRATE JUDGE